**ZURICH INSURANCE COMPANY,**
Appellant,

v.

**Mrs. Peggy M. GRAHAM et vir, Appellees.**

No. 3729.

Court of Civil Appeals of Texas.

Waco.

May 5, 1960.

Rehearing Denied May 26, 1960.

Bryan & Patton, Houston, for appellant.

Helm, Jones, McDermott & Pletcher, Houston, for appellees.

McDONALD, Chief Justice.

This is a Workmen's Compensation case. Parties will be referred to as in the Trial Court. Plaintiff claimed total and permanent disability as a result of a back injury sustained 13 November 1957. Trial was to a jury which found in answer to Special Issues that: 1) Plaintiff sustained an accidental injury on 13 November 1957; 2) In the course of her employment for Steven Credit Stores; 3) Which was the producing cause of plaintiff's incapacity; 4) That plaintiff's incapacity was total and permanent; 5) That plaintiff's incapacity was not solely produced by disease or bodily conditions which she had either prior to or subsequent to the date of injury. The Trial Court rendered judgment on the verdict in the lump sum (allowing credit for certain weekly payments made to plaintiff and adding the cost of an operation) of $13,726.49.

Defendant Insurance Carrier appeals contending:

1) There is no evidence to support the finding of total and permanent disability.

2) The finding of total and permanent disability is supported by insufficient evidence and is against the great weight and preponderance of the evidence.

3) There is no evidence that plaintiff was totally disabled on 13 November 1957; and such finding is erroneous in the light of the record as a whole.

We revert to the finding of the jury that plaintiff suffered total and permanent disability.

■ The record reflects that plaintiff sustained an injury to her back on 13 November 1957 while moving a mannequin in the store of her employer. As she picked it up and was carrying it she noticed its arm falling off, and so she set it down and stooped forward. As she did, she heard something in her back "pop". Her back commenced to hurt. She had never been injured before. She was sent by her employer to the doctor after 2 weeks. At that time her pain was so severe she could hardly walk. Although she was in pain she did not lay off work because they were at the peak selling season. She was sent to Dr. Turboff, who took X-rays and told her she had sprained her back. On 26 December, 1957, she was put in St. Joseph's Hospital by Dr. Turboff and Dr. Donovan called in. She was in the hospital about a month. A myelogram was performed. Subsequently an operation was performed on her back. She was under sedation on her last day in the hospital. She continued to see Dr. Donovan at his office, and told him she was not feeling better and complained of pain in her leg. Defendant Insurance Carrier stopped compensation payments to plaintiff on 18 February, 1958, despite the fact that Dr. Donovan had not released her to go back to work.

Plaintiff has had a total of 3 operations on her back; and testified that she had not had a day since the accident that she was free of pain. The operations performed were technically called a "lamenectomy," and were performed to correct ruptured or herniated disc conditions. Defendant's contentions are in part grounded on medical testimony in the record to the effect that plaintiff was only 15% or 20% disabled; and the fact that plaintiff had in times past suffered nervous disorders, and had been a victim of the alcohol habit. The record is voluminous and there is evidence both favorable and unfavorable to the plaintiff. From a careful review of the record before us, we think the evidence amply supports the verdict of the jury. See: Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Tudor v. Tudor, Tex., 314 S.W.2d 793. Consolidated Cas. Ins. Co. v. Baker, Tex.Civ.App., 297 S.W.2d 706, W/E Ref. n. r. e.

■ Moreover, it is a part of the public policy of this State that the Workmen's Compensation Act should be liberally construed. A claimant is entitled to a liberal interpretation which would award the greatest benefits the nature of her injuries will sustain. Hargrove v. Trinity Universal Ins. Co., 152 Tex. 243, 256 S.W.2d 73.

Defendant's Points 1 and 2 are overruled.

■ Defendant further contends in effect that there is no evidence or insufficient evidence to sustain the finding that plaintiff was totally disabled on 13 November 1957. This contention is grounded on the fact that plaintiff continued on the job after 13 November, 1957, and did not see a doctor for some 2 weeks after such date. The record reflects that 13 November was the date upon which the injury occurred; that plaintiff commenced experiencing severe pains upon such date; that she continued on the job because it was during the peak of the Christmas selling season, when in fact she was disabled. As previously noted, she has since had 3 operations on her back and testified she has not been without severe pain since such date. We think such finding amply supported by the evidence. See: Consolidated Cas. Ins. Co. v. Baker, supra. Defendant's contention 3 is overruled.

The judgment of the Trial Court is affirmed.