**STATE AUTOMOBILE AND CASUALTY UNDERWRITERS, a Corporation, Appellant,**

v.

**David Royce REAGAN, Appellee.**

No. 3763.

Court of Civil Appeals of Texas.

Waco.

July 7, 1960.

Rehearing Denied July 29, 1960.

———◆———

Naman, Howell, Smith & Chase, T. Geo. Chase, Waco, for appellant.

W. Lance Corsbie, Waco, for appellee.

McDONALD, Chief Justice.

This is a workmen's compensation case. Parties will be referred to as in the Trial Court. Plaintiff claimed total and permanent disability as a result of a back injury sustained on 3 August, 1954, when he fell from the roof of a house. Trial was to a jury, which found in answer to Special Issues: 1) Plaintiff sustained an injury on 3 August, 1954, 2) Which was accidental; 3) In the course of his employment; 4) That plaintiff sustained total disability following the injury; 5) That the injury was

a producing cause of the total disability; 6) That total disability began on 3 August, 1954; 7) That such total disability is permanent; 8) That plaintiff's weekly wages were $45; 9) That plaintiff's disability was not caused solely by poor posture; 10) That plaintiff's disability was not caused solely by congenital defect or condition; 11) That plaintiff's disability was not caused solely by a combination of poor posture and congenital defect or condition.

The Trial Court rendered judgment on the verdict in a lump sum of $10,568.23.

Defendant Insurance Company appeals, contending:

1) The jury's finding of total and permanent disability is against the great weight and preponderance of the evidence.

2) There is no evidence to support the finding of total and permanent disability from the date of the accident.

3) The finding of total and permanent disability from the date of the accident is against the great weight and preponderance of the evidence.

4) The Trial Court erred in admitting into evidence the hospital records which included the diagnosis of Dr. H. H. Trippett, on the grounds that such record contained the unsworn hearsay statement of Dr. Trippett giving his opinion of plaintiff's condition.

■ We revert to the finding of the jury that plaintiff suffered total and permanent disability, and to defendant's 1st contention, that such finding is against the great weight and preponderance of the evidence.

The record reflects that plaintiff was 16 years of age, and employed by his father, who was in the sheet metal business; that on 3 August, 1954, he was helping install duct work on a house and fell some 12 feet from the roof, striking the lower part of his back on concrete. He was taken to Dr. H. H. Trippett, who examined him. He was very sore and bruised, had pain, and couldn't get around, or climb; but reported for work the next day. He continued to work for about 3 weeks, went on a vacation, and entered school about 10 September; but couldn't climb or lift, and continued to have pain in his leg. As September approached, the pain and condition grew progressively worse; the pain was more intense and finally it became so severe that plaintiff had to go to bed. Finally, on 5 October, 1954, the pain became so severe that plaintiff went to Dr. Trippett. He was out of town and his nurse referred plaintiff to Dr. Tom Oliver. Dr. Oliver X-rayed plaintiff and examined him; told him something was wrong with his back and sent him to Hillcrest Hospital, where he was hospitalized for 8 days. Dr. Oliver and then Dr. Trippett attended plaintiff at the hospital, where traction was applied to both of plaintiff's legs for 8 days. At the end of 8 days, plaintiff was released from the hospital and continued to attend Waco High School.

He was unable to engage in athletics, although previously he had played tennis and engaged in hiking. He was unable to mow the yard as he had previously done. His back and legs pained him constantly. After his injury his condition became such that he could not secure and retain a job at physical labor in the sheet metal business. Dr. Trippett saw plaintiff numerous times. After school was out the next summer, plaintiff was unable, on account of his back, to work as a laborer in the sheet metal business; and because of his limited physical ability, was put to work as a salesman by his father. Plaintiff attended Texas University for the next 3 years, making excellent grades. On 4 Feb. 1959, plaintiff filed the instant case. On 5 February, 1959, plaintiff commenced to go to Dr. Charles M. Henner for treatment and later went to Dr. Harry Slade, a neurosurgeon. Dr. R. K. Gassler examined plaintiff for the defendant Insurance Company. Dr. Henner testified that plaintiff had a ruptured disc; that in his opinion the condition was permanent, growing progressively worse, and

that plaintiff was incapable of performing physical labor. Dr. Slade testified that in his opinion the injury in 1954 caused a disc herniation; that plaintiff was physically unable to do labor, and in his opinion had been physically unable to do labor since confinement in the hospital 5 October, 1954; and that in his opinion in reasonable medical probability the plaintiff's condition was permanent. Dr. Gassler, who examined plaintiff for the defendant Insurance Company, testified that there was no question but that plaintiff had pain in his back; that he found nothing wrong with plaintiff as a result of an injury, but found plaintiff's complaints were based on improper posture.

There is no fixed rule of evidence by which a claimant is required to establish the fact that he has suffered an injury that caused total and permanent disability. The duration and extent of disability received from an injury is at best an estimate which must be determined by a jury from all the pertinent facts before it. The issue as to disability may be established by the plaintiff alone. Insurance Company of Texas v. Anderson, Tex.Civ.App., 272 S.W. 2d 772, 773, W/E ref., n. r. e. Further, the test is: "Is his physical condition so impaired by the injury that he is unable to secure and hold employment on physical labor?" 45 T.J. 589.

It is true that plaintiff went to high school and college after his injury, and made good grades; and further true that he served as a lay minister in his Church; and further there is some evidence, including that of Dr. Gassler, which militates against the jury's finding of total and permanent disability to do labor. Nevertheless, from a careful review of the record as a whole, we conclude that the evidence is ample and sufficient to sustain the findings of the jury. See: Hood v. Texas Indem. Co., 146 Tex. 522, 209 S.W.2d 345; In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660; Harrison v. Chesshir, Tex., 320 S.W.2d 814.

Defendant's 2nd and 3rd points contend that there is no evidence or insufficient evidence to sustain the finding of total and permanent disability from the date of the accident (3 August, 1954). In this connection defendant points out that Dr. Slade testified that in his opinion the plaintiff had been totally and permanently disabled since the date of confinement in the hospital on 5 October, 1954.

The record reflects that plaintiff was injured on 3 August, 1954 by falling 12 feet to concrete from the top of a house; that he was taken to the doctor on that date; was very sore and bruised; that he went to work the next morning and thereafter for about 3 weeks; that he took a two weeks' vacation until he started to school about 10 September, 1954; that he worked for his father; that his father instructed the foreman to let plaintiff do only light work after the injury; that his back was sore and stiff; that he had severe pains in his leg; that his condition became progressively worse and his pains more intense until he finally entered the hospital on 5 October, 1954. That he was treated with traction, and that since his release from the hospital up to the time of trial, his condition has worsened; that he has a ruptured or herniated disc; suffers intense pain; and is totally and permanently disabled to labor.

We think the record as a whole ample and sufficient to sustain the finding of the jury that plaintiff's total and permanent disability commenced from the date of the accident. See: In re King's Estate, supra. Moreover, it is well settled that a workman is not necessarily precluded from recovering compensation for a period of time in which he was working following injury. See: Zurich Ins. Co. v. Graham, Tex.Civ. App., 335 S.W.2d 673; Consolidated Cas. Ins. Co. v. Baker, Tex.Civ.App., 297 S.W. 2d 706, W/E ref., n. r. e. and cases therein collated.

Defendant's 4th contention is that the Trial Court erred in admitting into evi-

dence the hospital records which contained the notation of Dr. H. H. Trippett, as follows:

"Diagnosis: Sciatic neuritis on left, possibly due to a protruding disc."

The foregoing record was an official record of Hillcrest Hospital, kept in the regular course of its business of treating the sick and injured, and identified by the director of the library and official records custodian of the Hillcrest Hospital. It contained data showing plaintiff was admitted to the hospital on 5 October, 1954, and discharged on 12 October, 1954. It reflected his complaint of severe pain down the left leg; gave his blood pressure and heart sounds; stated:

"*Back—reveals considerable muscle spasm. Straight leg raising is positive, for sciatic irritation of the left.*"

The document then sets up the matter complained of:

"*Diagnosis: Sciatice neuritis on left, possibly due to a protruding disc.*"

And then concludes:

"*The patient admitted to the hospital where bilateral leg traction was applied for 5 days. His pain subsided. He was discharged ambulatory.*"

The complained of evidence was admitted by the Trial Court under Art. 3737e, Vernon's Ann.Civ.St., as a business record of the Hillcrest Hospital.

This whole problem is thoroughly discussed by the Austin Court of Civil Appeals in Travis Life Ins. Co. v. Rodriguez, 326 S.W.2d 256. In that case the court holds that Art. 3737e, R.C.S., should be interpreted and construed so as to authorize the admission in evidence of hospital records including a diagnosis of a medical doctor. Our Supreme Court in a per curiam opinion in such case in 328 S.W.2d 434 said:

"The only point brought to this Court assigns error to the construction by the Court of Civil Appeals of Article 3737e, Vernon's Texas Civil Statutes. It is our view that the statute has been correctly construed by that court in its opinion published in 326 S.W.2d 256. Accordingly, the application for writ of error is refused. No reversible error."

From the foregoing, we hold the hospital record admissible. See also 38 Tex.Law Review, 645, 648.

In any event, the diagnosis on its face reflected "possibly", and is deemed harmless in the light of the record as a whole; moreover, it is cumulative.

All of defendant's points are overruled and the judgment of the Trial Court is affirmed.