**MISSOURI PACIFIC RAILROAD COMPANY, Appellant.**

**v.**

**Orin T. WATSON, Appellee.**

No. 13732.

Court of Civil Appeals of Texas.

San Antonio.

April 26, 1961.

Rehearing Denied May 24, 1961.

Boyle, Wheeler, Gresham, Davis & Gregory, Richard B. Moore, A. W. Worthy, San Antonio, for appellant.

Rosson & McGown, San Antonio, Schmidt, Garrett & Schmidt, Houston, for appellee.

POPE, Justice.

Orin T. Watson recovered judgment upon a verdict for $59,500 for a back injury sustained while employed by defendant, Missouri Pacific Railroad Company, and the Railroad has appealed. The defendant Railroad admitted fault but denied that the back injury was caused by the accident in question. The jury awarded $55,000 for injuries which were directly caused and in reasonable probability will be caused by reason of the accident, $1,000 for past medical and hospital expenses, and $3,500 for future hospital and doctor expenses. The Railroad complains that the trial court erred (1) in excluding a portion of the hospital records which included a medical diagnosis of Watson, (2) in failing to grant a mistrial because one of Watson's medical witnesses inferred that certain X-ray films had been suppressed, and (3) in failing to grant a mistrial for prejudicial jury argument.

Plaintiff presented two, and the defendant presented six, medical witnesses. It was Watson's theory and proof that he was riding in a railroad caboose which turned over and caused an injury to his back. Watson produced evidence that he had an anterior rupture of the intervertebral disc between L-5 and S-1. Plaintiff's chief medical witness, Dr. Lewis Helfer, testified that he hospitalized Watson and referred the case to Dr. Hugh P. Reveley for consultation prior to taking certain precision medical procedures including a discography. Dr. Reveley made a written consultation report which was recorded with the hospital records. At the time of trial Dr. Reveley was out of the State and when defendant Railroad offered this consultation report as a part of the hospital records, the plaintiff objected on the grounds that it was hearsay. The court excluded the report and defendant claims that the diagnosis was admissible as a business record under Article 3737e, Vernon's Ann.Tex.Stats.

The diagnostic report should have been admitted in evidence when offered by the Railroad. Plaintiff had agreed that the hospital records were admissible without further proof or identification, subject to his objections to the material contained in the record. This meant that the plaintiff agreed that a full predicate under Article 3737e was laid. The objection was that the report was hearsay. The portion of the record which defendant Railroad says would have been beneficial to its case was:

"Discography shows no evidence of a posterior protrusion of a lumbar disc. There is therefore no indication for surgery. Further evaluation reveals some *dimunition* in the dorsalis pedis pulse on the right. Femoral pulsations are bilaterally intact. This raises the question of a Leriche syndrome to explain for this patient's pain."

The admissibility of the diagnostic portion of hospital records has been the subject of several recent opinions. Travis Life Insurance Co. v. Rodriguez, Tex.Civ. App., 326 S.W.2d 256; State Automobile & Casualty Underwriters v. Reagan, Tex. Civ.App., 337 S.W.2d 522. In Travis Life Insurance Company, the cases are reviewed at length and the opinion is there expressed that, assuming the presence of all predicates required by Article 3737e, the Legislature intended to create an exception to the hearsay rule. In Rodriguez v. Travis Life Insurance Company, Tex., 328 S.W.2d 434, the Supreme Court tersely stated about the opinion of the Court of Civil Appeals: "It is our view that the statute has been correctly construed by that court in its

opinion * * *." The opinion of the Third Court of Civil Appeals contains a statement which suggests that diagnostic reports are admissible only in cases where the diagnosis is one about which physicians do not ordinarily differ. See, 38 Tex.L.Rev. 645. We conclude, however, that the opinion and the Supreme Court's approval of the opinion, may not be so limited. This would mean that a new and different predicate, not required by the statute, has been added. It would mean that in limine, the proffering party must prove that the diagnosis is not disputed. In most cases, if there is no dispute, the diagnosis report is unnecessary, or there would be no objection. Proof that a diagnosis is not disputed would require medical proof to gain admission of the diagnosis report. If that is done, one may as well go ahead and prove the fact by witnesses. The only thing accomplished would be that the medical proof would precede the diagnostic report instead of being directed at the main issue. We are of the opinion that the Supreme Court did not intend such a result but approved the admissibility of the report despite its hearsay nature.

■ The exclusion of the diagnostic report in any event was harmless. The motion for new trial pointed out to the court the error about which the Railroad complained. It complained of the exclusion of that portion of the report which stated "no surgical operation on Plaintiff's back was necessary or desirable." That was the only complaint. The excluded diagnostic report stated, "Discography shows no evidence of a posterior protrusion of a lumbar disc. There is therefore no indication for surgery." Measured and limited by the assignment in the motion for new trial, the complaint was that the diagnostic report showed there was no need for surgery. Rules 321, 374, Texas Rules of Civil Procedure; McCarthy v. City of Amarillo, Tex.Civ.App., 307 S.W.2d 595; 3 Tex. Jur.2d, Appeal and Error—Civil, § 177. In passing upon harm, we look at the situation from the whole case. Watson throughout the trial undertook to prove that he had sustained a fractured vertebra in the accident. He produced X-rays and medical evidence of an anterior rupture of the intervertebral disc. He did not claim a posterior rupture. The railroad defended by proof that Watson did not have a fracture at all, and that an ossified fragment which appeared in the X-rays was an ununited ring epiphyseal ossification center, or an undeveloped portion of the bone. Neither the plaintiff nor the defendant contended that there was a posterior protrusion of a lumbar disc. When, therefore, Dr. Reveley in his consultation report, the excluded report, stated that there was no need for surgery to correct a posterior protrusion of a lumbar disc, he was making a statement about which no one disagreed. Plaintiff, as well as the defendant, denied that condition. Plaintiff claimed there was need for surgery for a condition anteriorly, not posteriorly. If the report had been admitted in evidence, it would have negatived a thing which nobody disputed. Its exclusion was therefore harmless. Brown v. Shannon West Texas Memorial Hospital, Tex.Civ.App., 222 S.W.2d 248; 4 Tex.Jur. 2d, Appeal and Error—Civil, § 942.

■ The court properly denied defendant's motion for mistrial. While a medical witness for the plaintiff was testifying, he stated that some X-rays were missing, which was true. Plaintiff's attorney, in the presence of the jury, asked defendant's attorney if he knew anything about the missing X-rays, and he said he did not. Plaintiff's counsel then stated that he did not either. The witness stated that he could understand why one of the films would be missing for it was probably used for teaching purposes, but he could not explain the absence of the others. We consider the matter insignificant. The court also, in denying the motion for mistrial, instructed the jury to disregard the relevant remarks of attorneys for both sides.

■ The claimed prejudicial argument was not transcribed, but the bill of excep-

tion contains two statements which defendant Railroad says prejudiced its defense. In the closing argument, plaintiff's counsel stated that Watson's wife "mirrored the suffering of her husband" and that "the wife was a forgotten person in this trial." Those two statements are the sole basis for the claim of harm. The bill of exception shows that plaintiff's wife was present during most of the trial. She did not testify and there was no argument that she should be compensated. The argument was improper but it was curable and, no doubt, would have been the subject of an appropriate instruction if a request had been made. Whitener v. Traders & General Ins. Co., 155 Tex. 461, 289 S.W.2d 233, 236; Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197, 200.

The judgment is affirmed.