### WESTERN FIRE & INDEMNITY COMPANY

v.

### Barbara C. BRADSHAW.

No. 7119.

Court of Civil Appeals of Texas.

Amarillo.

April 2, 1962.

Rehearing Denied April 30, 1962.

Crenshaw, Dupree & Milam, Lubbock. for appellant.

Clinton & Shelton; Huff & Bowers, Lubbock, for appellee.

DENTON, Chief Justice.

This is a Workmen's Compensation case. In response to special issues the jury found the claimant, Barbara C. Bradshaw, was totally disabled for a period of 260 weeks. Judgment was entered in accordance with the jury findings, payable in a lump sum. Appellee was an employee of the Methodist

Hospital in Lubbock, Texas, and alleged she was injured on January 6, 1960 while in the course of her employment. She alleged she received injuries to her lumbo sacral and cervical spine when she tripped and fell over an electrocardiograph machine. Following her fall, she was admitted to the hospital for a period of ten days. Two days after her release she was readmitted and was hospitalized for an additional 22 days. During these periods of time, Mrs. Bradshaw was given various types of treatment including physical therapy, shots and X-Rays under the supervision of several different doctors, including a psychiatrist. She resumed her employment on or about March 1, 1960, and worked until July of that year, at which time her employment was terminated by her employer. Appellant brings forward no points of error which contend the verdict is not supported by the evidence.

■ Appellant first complains of the action of the trial court in sustaining appellee's objection to the admission of a portion of a hospital record of appellee dated June 4, 1957. Appellant takes the position the record is admissible as a business record under Art. 3737e, Vernon' Ann. Civ.St. Appellee's objection was to the effect the hospital record constituted hearsay, and its admission would deprive appellee of cross examination of the doctor making the entries. The proper predicate was laid for the introduction of the record by testimony of the medical record librarian of the hospital. The portion of the record appellant sought to introduce into evidence read as follows: "Reporting pt. complains /e headaches, pain in lower extremities—free movement of neck—reflexes normal—pt. still going to school—recommend a brain wave and see a psychiatrist. Dr. Stiles/MM."

The rule is now well settled that by the enactment of Art. 3737e the legislature intended to create an exception to the hearsay rule. Travis Life Ins. Co. v. Rodriguez (Tex.Civ.App.) 326 S.W.2d 256 (refused n. r. e.). In addition to holding business records under Art. 3737e are exceptions to the hearsay rule, the Rodriguez case held: "It is our opinion that Art. 3737e should be interpreted and construed so as to authorize the admission in evidence of the hospital records, including the diagnosis of leukemia shown thereon * * *." In refusing a writ in the Rodriguez case with the notation "no reversible error," the Supreme Court filed a per curiam opinion expressly approving the construction of Art. 3737e placed on it by the Austin Court of Civil Appeals. As far as we are able to determine this is the only direct expression of the Supreme Court on the admissibility of hospital records under this statute. Under authority of the Rodriguez case we conclude the hospital record in question was clearly admissible. See also Missouri Pacific Railroad Co. v. Watson (Tex.Civ.App.) 346 S.W.2d 640 (refused n. r. e.); State Automobile & Casualty Underwriters v. Reagan (Tex.Civ.App.) 337 S.W.2d 522 (no writ history).

It appears that the Rodriguez case goes further in holding a diagnosis of leukemia is admissible than we are required to hold in the instant case. We question whether or not the statement before us contains a diagnosis as such. It may be argued the notation " * * * recommend a brain wave and see a psychiatrist" implies a diagnosis of a mental problem. If this be so, we remain of the opinion the statement is admissible under the Rodriguez case. We see no distinction, in respect to the admissibility, between a diagnosis of leukemia and a diagnosis of a mental problem. We agree with the conclusion expressed by the court in Missouri Pacific Railroad Co. v. Watson, supra, that the opinion and the Supreme Court's approval of the opinion in the Rodriguez case did not limit the admissibilty of diagnostic reports to those cases where the diagnosis is the one about which physicians ordinarily do not differ.

Even though we think the doctor's statement was clearly admissible, the exclusion of the report was harmless. Appellee was extensively cross examined concerning her

examination and treatment by Dr. Stiles in 1957. Although she was vague about the details of that injury, she attached very little significance to the injury she admitted she suffered at that time. To be able to rebut the appellee on this question would be of very little significance in view of the vagueness of her testimony concerning the 1957 occurrence. The statement indicated she remained in school, and the evidence is uncontradicted that the injury did not interfere with her high school activities, which included various forms of athletics. Dr. Royce C. Lewis, one of the treating doctors and a witness for appellant, testified that Mrs. Bradshaw's back "was essentially objectively normal and that any of her complaints were most likely on an emotional basis and I felt that Dr. Miller needed to continue treatment. As a matter of fact, I told them for some reason if they didn't like Dr. Miller or didn't like me or something, to find another doctor but that I thought she should have psychiatric care." This testimony, along with other evidence admitted, is cumulative of the statement in the excluded record.

In determining whether or not harm was done by the exclusion of the report, we must look to the whole case. After considering the statement of facts including the medical testimony both for and against the appellee, and the lay witnesses who testified concerning her condition, together with the excluded evidence, we conclude that the exclusion of the hospital record of 1957 did not under the facts of this case amount to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules Civ.Proc.

■■ Appellant's next three points of error complain of improper jury argument made by counsel for appellee. It is well settled that before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to cause and probably did cause the rendition of an im-

proper judgment in the case. Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596. As appellant made no objections to the arguments here complained of, we must also view these arguments in the light of the rule that requires timely objections to the improper argument on penalty of waiver, if the offending argument is "curable." Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197.

■ The three arguments complained of included a comment by appellee's attorney concerning "the burden on my shoulders" in representing appellee in this case; a statement that as appellee was an employee of the Methodist Hospital she had to go elsewhere to obtain a doctor to freely testify in her behalf; and a reference to appellant trying to "beat" the hospital out of its hospital bill and by paying it after the suit was filed indicated appellant was trying to defeat appellee's compensation claim.

All of counsel's arguments appear in full in the statement of facts. Having read these arguments, we are unable to say the arguments complained of are improper. When the arguments are considered in their proper context they are not of a strong nature. References to obtaining a doctor not connected with the Methodist Hospital were invited by remarks of counsel for the appellant, and the comment concerning the payment of the hospital bill by the appellant was a comment on a matter brought out in the testimony. The remarks concerning counsel's responsibility in representing the appellee is of no real significance when considered with the whole argument presented to the jury. We conclude the remarks complained of are not of such nature as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Aultman v. Dallas Ry. & Terminal Co., supra. It is our further view that if it could be said that these arguments were improper, they were of such a nature that timely objections

should have been made under the rule set out in Wade v. Texas Employers' Ins. Ass'n, supra.

In response to a special issue the jury found it would result in manifest hardship and injustice to Mrs. Bradshaw if compensation was paid in weekly installments rather than in a lump sum. Appellant contends there is no evidence to support this jury finding. We are in accord with this contention. Although the courts have gone far in upholding verdicts allowing lump sum recoveries, there must be some evidence to support such a recovery. A close examination of this record reveals absolutely no evidence to support this jury finding. Being of the opinion the trial court was thus in error in rendering the judgment in a lump sum, the judgment will be reformed so as to allow appellee compensation in weekly installments in the stipulated amount for the period of 260 weeks.

The judgment of the trial court is therefore reformed and as reformed, affirmed.