**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant,**

**v.**

**Linda Kay HAYNIE, Individually and by and through her next friend, Erma Haynie, Appellees.**

**No. 4363.**

Court of Civil Appeals of Texas.

Waco.

April 8, 1965.

Haynie, against St. Paul Fire & Marine Insurance Company. The cause was submitted on special issues in which the jury answered favorably to the claimant and found total and permanent disability, and the Court rendered judgment for plaintiff in the sum of $12,116.00 and for costs, and fixed attorney's fees at 30% of the judgment.

The judgment is assailed on one point. It is:

"The Court should not have admitted Plaintiff's Exhibit No. one (1) containing the statements of Dr. J. R. Shipp and Dr. Eldon B. Fine because the statements of the doctors were not records kept in the usual course of business of Providence Hospital and were therefore hearsay."

Appellee's counterpoint is:

"This point is not raised by assignment in Appellant's Motion for New Trial and the objection in the Trial Court omitted any grounds therefor, so said point is not subject to consideration by this Court."

We sustain appellees' counterpoint.

It is appellant's contention that its Point 1 is grounded upon paragraph 3 of its motion for new trial. Paragraph 3 is:

"That plaintiff and her attorneys offered evidence of what doctors had told plaintiff regarding her condition or injuries after the Court had sustained Defendant's Motion in Limine in this regard."

Pertinent to this discussion we quote paragraph 3 of Appellant's Motion in Limine:

"That plaintiff and her attorneys be instructed not to read pleadings nor present evidence as to what any doctor or doctors may have told plaintiff or her attorneys regarding her condition or injuries."

Conway, Brigham, Bice & Cowden, Waco, for appellant.

Dunnam & Dunnam, W. T. Phillips, Waco, for appellee.

TIREY, Justice.

This is a compensation case. It was brought by Linda Kay Haynie, individually and by and through her next friend, Erma

This motion was presented to the Court before the jury was examined on voir dire and the Court sustained the exception contained in paragraph 3 quoted.

Mrs. McDaniel testified to the effect that she was a Medical Records Librarian at Providence Hospital, and that she had control and custody of the medical records. She testified specifically:

"Q. I hand you this instrument marked P–1 and will you state whether or not that is a complete hospital record of Linda Kay Haynie for her hospitalization, with admittance date of January 26, 1964?

"A. Yes, it is.

"Q. Is this record used in the regular course of business of that hospital to keep accurate records and reduce occurrences out there to writing at the time of the occurrence?

"A. Yes, sir.

"Q. And were these records so kept?

"A. Yes, sir.

"Q. In the usual course of the business at Providence Hospital?

"A. Yes, sir."

After the foregoing testimony plaintiffs offered exhibit P–1 in evidence. Before it was admitted, we quote the cross-examination of the witness by appellant:

"Q. Mrs. McDaniel, the statements that I see here, a doctor's statement, these are not records of Providence Hospital, are they? These are statements that doctors prepare and mail to you, is that correct?

"A. No, sir.

"Q. Well, at least they—

"A. That particular one was dictated in the hospital as a hospital rec-
ord and transcribed in the hospital.

"Q. All right. And this is a statement by a doctor, is that correct?

"A. That's right.

"Q. It has nothing to do with the actual keeping of the records by the nurses or anyone like that, does it?

"A. There are so many parts to the medical record; there's a doctor's part of the record and a nurse's part of the record, and a laboratory; but are you talking about that white page?

"Q. Yes, ma'am.

"Q. That's part of the hospital medical records, but it's a doctor's history of the patient.

"Q. * * * But insofar as this doctor, he is not employed by Providence Hospital, is he?

"A. No, sir.

"Q. None of these doctors are. * * *

"A. Yes—no. There are statements in the record made by doctors employed by the hospital in the x-ray and laboratory.

"Q. * * * But with regard to Dr. Fine and Dr. Shipp, they're not employed by Providence Hospital in any manner, are they?

"A. No, they're not."

Before conclusion of the cross-examination, appellants' attorney made the following objection:

" * * * we object to the statements of the doctors that are not employed by Providence Hospital. We have no objection to the rest of the record, other than that part."

On re-direct examination the witness testified:

"Q. Every record in there is a part of the hospital records of that hospital, aren't they?

"A. Yes.

"Q. And it's kept by the hospital in the regular course of their business to have the attending physician put down his findings also, isn't it? Isn't that right?

"A. Yes.

"Q. And it's a part of your record, regardless of who has to be paying his salary, isn't it?

"A. That's right.

"Q. And your nurses on a seriously injured person up there who has a special nurse at night, she's paid by the individual and not the hospital, isn't she?

"A. That's right.

"Q. But still her findings are made and her notes are made in the regular course of the business of that hospital, aren't they?

"A. Yes, sir, they are.

"Q. And regardless of who is paying her salary, whose employee, it's still made in the regular course of their business and it's their hospital and medical records, isn't it?

"A. Yes."

At the conclusion of the foregoing testimony the court admitted Exhibit one (1) in evidence, and plaintiffs' attorney read it to the jury.

 As we understand appellant's position, it is to the effect that since the Court sustained its Motion in Limine wherein it instructed plaintiffs and their attorneys not to read pleadings nor present evidence as to what any doctor or doctors may have told her or her attorneys regarding her condition or injuries, that the introduction of Exhibit one (1), over the objection made, violated the Court's instruction and it was prejudicial, and that it will require a reversal and remand of this cause. Its contention is grounded on the pronouncements made in Traders & General Insurance Company v. Wheeler, Tex.Civ.App., 271 S. W.2d 679; White v. Lilley, Tex.Civ.App., 286 S.W.2d 296; Pappas v. Guarantee Ins. Co., 5 Cir., 217 F.2d 681, and National Surety Corporation v. Moore, Tex.Civ. App., 386 S.W.2d 327. We are not in accord with this view.

Appellant contends that the statement by Dr. Fine shown in the exhibit is prejudicial, and the part complained of is:

"This fifteen year old white female was involved in a car wreck and suffered multiple injuries, including compression fractures of the sixth and seventh dorsal vertebrae."

The balance of the statement made by Dr. Fine, and not complained of, is:

"These will be treated by bracing. Once she is fitted with the brace she will be ambulatory and will be allowed to return to school and to limited activities. Healing will require approximately 4 months and she will then start coming out of her support. She should have regained mobility and back strength at about six months. There is now no neurological deficit and I anticipate none. It is much too early to evaluate how much disability, if any, will result from this injury."

This statement was signed by "Eldon B. Fine."

The statement in the exhibit made by Dr. Shipp complained of is:

"This patient was brought into the ER by ambulance. I was told that she was in a car accident at 18th and Maple. She was struck in the side She stated

that the car spun around severl times and ended up with her head hanging out of the door and the feet out the other side. She struck the steering wheel and dashboard in the process.

\* \* \* \* \* \*

"PE: shows a female lying in the ER, hysterical and complaining of very severe pain and pleading with people not to move her. There is a contusion over the rt eye with ecchymosis into the eye.

\* \* \* \* \* \*

"This patient was admitted. She was treated for concussion and abrasions and contusions. X-rays were made which showed a fracture of the 6th and 7th dorsal vertebrae. She was referred to Dr. Fine for definitive treatment."

This statement is signed: "J.R.S., M.D.".

Neither Doctor Shipp nor Doctor Fine was called as witnesses.

Since we are of the opinion that appellant's point one (1) was not raised in its motion for new trial we are precluded from considering it on its merits. Our action in this regard is supported by our Supreme Court in Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887. This opinion is comprehensive and clear and comment upon it would be of no avail. As to the office, purpose and effect of a Motion in Limine, see opinion of our Supreme Court in Bridges v. City of Richardson, 163 Tex. 292, 354 S.W.2d 366, and opinion of Supreme Court in Hartford Accident and Indemnity Company v. McCardell, 369 S.W.2d 331, "Motion in Limine," p. 335.

The appellant contends that since it did not have an opportunity to cross-examine Drs. Shipp and Fine with regard to the statements regarding the condition of the eye and back of the appellee, it follows that the jury took these statements into consideration and caused them to return a verdict of total and permanent disability, and that the Court's action in admitting the Exhibit 1 showing the hearsay statement of Drs. Fine and Shipp, constitutes reversible error, and that the cause should be reversed and remanded.

█ If we could reach this point on the merits, the majority is of the view that appellant's contention should be overruled because of the provisions of Art. 3737e of Vernon's Ann.Tex.Civ.St., and the authorities construing it. The majority thinks this record shows that the statements made by Drs. Shipp and Fine were made in the regular course of business. It is true that neither Drs. Shipp nor Fine was an employee of Providence Hospital at the time they were made. As we understand the record, we think we may assume that Drs. Shipp and Fine were both on the staff, otherwise they would not have been permitted to practice in the hospital, and were required to follow the rules and regulations of the hospital with reference to making such records as required by the hospital to show the treatment and condition of their patients. See Missouri Pac. Railroad Co. v. Kimbrell, 160 Tex. 542, 334 S.W.2d 283, points (5, 6) page 286. We think that in so doing they were representatives of the hospital under the provisions of the statute, notwithstanding the fact they were not actually employed by the hospital. We think the record shows that the statements made by Drs. Shipp and Fine were made near the time of the purported injuries sustained by the plaintiff, or reasonably soon thereafter. As we understand the record Dr. Shipp's statement was dictated while he was in the hospital and was transcribed thereafter by someone in the hospital, and he signed it, and it became a part of the permanent records of the hospital. We are of the further view that the record shows that Dr. Fine made his statement while at the hospital, and he signed it, and the record shows that his diagnosis was part of the permanent records of the hospital. Section 2 of the foregoing article provides that the memorandum or record may be proved by the testimony of the custodian or other qualified witness, even tho he may not have personal knowledge as to various items of

the contents of the memorandum or record, and further provides that such lack of personal knowledge may be shown to affect the weight and credibility of the memorandum or record but shall not affect its admissibility. The foregoing article has been construed many times, but the controlling decision was written by the Austin Court in Travis Life Ins. Co., v. Rodriguez, Tex.Civ. App., 326 S.W.2d 256; approved by Supreme Court in 160 Tex. 182, 328 S.W.2d 434.

We have carefully reviewed the factual situation in the Rodriguez case, and we think it is very similar, in many respects, to the factual situation here before us, and which we have set out in question and answer form. In the foregoing opinion we find this statement:

"The 'hearsay' rule has many exceptions, most of which are court made. We know of no limitation upon the Legislature preventing it from creating an exception to the hearsay rule in civil cases. We believe that this is exactly what the Legislature did when it enacted Art. 3737e. We believe it is a valid statute and one which the courts should enforce."

Again, in this opinion we find this statement:

"We cannot believe the N.R.E. in that case (Pan American [Pan American Ins. Co. v. Couch, Tex.Civ.App.], 305 S.W.2d 819) was intended to approve the holding that the fact that the doctor's report was hearsay made it inadmissible under Art. 3737e. If this is correct then such article and similar articles have little, if any, value." (parenthesis ours)

(Doctor's testimony is opinion testimony and opinion testimony does not establish any material fact as a matter of law). See Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345.

Since our Supreme Court approved the construction placed on the foregoing statute by the Austin Court (328 S.W.2d 434) we think the above quotes from the opinion are entitled to great significance. The Supreme Court again gave its approval to the holding of the Austin Court in Skillern & Sons, Inc. v. Rosen, Tex., 359 S.W.2d 298, pt. 10, page 306, and cases there cited. This Court followed the Austin Court in State Automobile and Casualty Underwriters v. Reagan, Tex.Civ.App., 337 S.W.2d 522, n. w. h., in a very similar factual situation as we have here. In 38 Tex.Law Rev., 645–48, is a very fine discussion of the foregoing statute, and in such discussion we find this statement:

"To admit into evidence all diagnoses contained in properly qualified hospital records seems the clear mandate of the Texas Business Records Act."

For the reasons above stated the majority is of the view that if it could reach appellant's point 1 on the merits it would overrule the same and hold that exhibit one (1) in its entirety was admissible. See also Western Fire & Indemnity Co. v. Bradshaw, Tex.Civ.App., 356 S.W.2d 832, (n. r. e.); Missouri Pacific Railroad Co. v. Watson, Tex.Civ.App., 346 S.W.2d 640, (n. r. e.); White v. McElroy, Tex.Civ.App., 350 S.W. 2d 249, (n. r. e.).

Accordingly, the judgment of the Trial Court is affirmed.