**RESERVE LIFE INSURANCE COMPANY,**
Appellant,

v.

**ESTATE of William E. SHACKLETT et al.,**
Appellees.

No. 262.

Court of Civil Appeals of Texas.

Tyler.

March 2, 1967.

Rehearing Denied March 30, 1967.

Joe Bailey Humphreys, Dallas, for appellant.

Henry L. McGee, Jr., Tyler, for appellees.

SELLERS, Justice.

Reserve Life Insurance Company brought this suit against the Estate of William E. Shacklett et al. to cancel a certain policy of life insurance on the life of William E. Shacklett because of alleged fraud in securing the same by making false answers to the application.

The policy was issued on June 4, 1963, and Mr. Shacklett died on May 18, 1965.

The defendants denied the allegations in plaintiff's petition, and by cross-action Mrs. Shacklett, as beneficiary in the policy, sought to recover the face value of the insurance provided for in the policy. In answer to the cross-action, the plaintiff alleged that William E. Shacklett's (the deceased) death was a suicide, and tendered into the Court the amount of the premiums paid for the insurance which, it is alleged, was the only liability under the terms of the policy since the insured's death was a suicide.

The case was tried to a jury and resulted in a judgment on the jury's verdict in

favor of Mrs. Dorothy Faye Shacklett, the beneficiary in the policy of insurance, for the sum of $9,700, together with attorney's fees and damages. The judgment denies the plaintiff, Reserve Life Insurance Company, any recovery on its suit to cancel the policy for fraud. From this judgment the plaintiff, Reserve Life Insurance Company, has duly prosecuted an appeal to this Court.

The deceased, William E. Shacklett, died about 10:30 at night in his home in the room where he and his wife slept. He came in, turned on a light, and partially awoke his wife who had retired earlier. Shacklett was sitting on the side of the bed opposite where his wife slept. The pistol was kept inside a sliding door of the headboard of the bed where they slept. No conversation was had between Mrs. Shacklett and her husband after he returned home. A gun was exploded and the wife jumped out of the bed on her side and went screaming down the hall calling her married daughter who was asleep in another room of the house at the time. It was disclosed that the explosion from the pistol struck the insured under the chin and came out the top of his head. The insured died at his home from the gunshot wound.

Each Wednesday, it was the habit of the insured to go out with a number of friends to a lodge where the men usually met every week and played cards and dominoes. Some would bet on the game they played and some would take a few drinks. This had been going on for about five years so far as the insured was concerned. It is true that the insured had been arrested for drunkenness on some occasions, that he and his wife had fussed on some occasions, and that he had struck her, but this was not immediately before his death. He had four girl children, one of whom was married. His relations with his children were normal, and he had kept the same job for ten years before his death.

■ In this State, there is a very strong presumption against suicide. Southland Life Insurance Co. v. Brown, Tex.Civ. App., 121 S.W.2d 653; Great Southern Life Ins. Co. v. Watson, Tex.Civ.App., 343 S.W.2d 921. The same cases place the burden of proof of the issue of suicide on the appellant.

■ The first four assignments of error by appellant challenge the admissibility in evidence of the death certificate. The death certificate complies fully with the provisions of Vernon's Ann.Civ.St. Article 4477, Rule 54a, and the certificate of the State Registrar was in all things proper. We find the law in this State to be that such certificates are not only admissible in evidence, but are prima facie evidence of the facts therein stated. In' this certificate, the statement is made that the death of the insured was an accident. American Nat. Ins. Co. v. Valencia, Tex. Civ.App., 91 S.W.2d 832; Southland Life Insurance Co. v. Brown, supra; Universal Life & Accident Ins. Co. v. Barron, Tex. Civ.App., 269 S.W.2d 467.

In the *Valencia* case at 91 S.W.2d page 833, it is held:

"It was not error, under article 4477, rule 54a, of the Revised Civil Statutes, as added by Acts 1927, 1st Called Sess. c. 41, § 21 (Vernon's Ann.Civ.St. art. 4477, rule 54a), to permit in evidence the properly certified copy of the death certificate of the insured, Rosendo Lopez. Universal Life & Accident Ins. Co. v. Ledezma (Tex.Civ.App.) 61 S.W.(2d) 165."

■ We have carefully reviewed all of the evidence in this case and find the same amply sufficient to support the jury's finding that the insured did not commit suicide.

Complaint is made of the Court's definition of "suicide" given in the Charge to the Jury. The definition given was as follows:

"You are instructed that suicide means the intentional taking of one's own life."

We find no error in the charge under the facts of this case. The evidence did not raise the issue of insanity and therefore, there is no need to charge on the same.

A Deputy Sheriff of Smith County made a routine investigation on the night of Mr. Shacklett's death, and on his return to the office, made the following report which was filed in the office of the Sheriff, to-wit:

"  *   *   *

"REMARKS—William Schacklett came home about 11:00 p. m. come into the bedroom walked around the bed got a 38 S.W. Special gun and shot himself through the neck bullett come out side his head and lodged in ceiling of room.

"His wife was in bed and seen the gun as he got it and seen him shoot himself.

"He had been drinking and there was just a little whisky left in a quart bottle.

"Outside information he was quite a ladies man and they his wife and him had been having trouble.

"Dated May 18, 1965 Signed John Wymon."

The Sheriff of Smith County testified as follows:

"Q. Sheriff, in connection with the operation of your office, I will ask you to tell the Court whether or not you have a practice of having reports filed by your deputies when they go on an assignment?

"MR. McGEE: If the Court please, we object to the practice of the Sheriff's office here, for the reason that it is a conclusion on the part of this witness and immaterial to any issue in this lawsuit.

"THE COURT: Overrule the objection.

"A. No, sir, I wouldn't say that I would have a practice of my deputies filing a report. I leave that strictly to their discretion on any investigation that they make, whether they file a report or not.

"Q. If they do file a report, are those reports maintained in your office as a part of the records of your office?

"A. Yes, sir. If they file one, it's maintained in my office.

"Q. And was that the usual course of business in the operation of the Sheriff's office in those particulars in the month of May, 1965?

"A. Yes, sir.

"Q. All right, sir, I will ask you if either or any of your deputies filed a report in May of 1965, pertaining to one, William E. Shacklett, of Lindale, Texas?

"A. Yes, sir.

"Q. I will ask you to tell the Court whether or not that report was filed in keeping with the business practices you just testified about?

"A. Yes, sir, in the form of memorandum. Actually, wasn't filed as a report. It was a memoranda in our office, for our information."

The Court refused the admission of this statement into evidence. The appellant contends that it was admissible under Article 3737e. This statute has been held to require the trial court to find as follows:

"Since Gaston Hospital was not shown to be a public hospital, the records, if admissible at all, would be made so by virtue of Article 3737e, Vernon's Ann. Civ.St., which provides for the admissibility of records if the judge finds:

"'(a) It was made in the regular course of business;

"'(b) It was the regular course of that business for an employee or rep-

resentative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record; * * *.' " Skillern & Sons, Inc. v. Rosen, Tex., 359 S.W.2d 298.

■ The Sheriff's evidence should be sufficient to show this statement inadmissible under this statute since the Sheriff had no requirement that his deputies make such reports, but if made, they were kept on file in his office. Under the foregoing authority, to make this statement admissible, the Court had to find that this statement was made in the regular course of business. We are of the opinion that the trial court was justified in holding said statement did not meet this requirement.

The record in this case wholly negatives the fact that anyone saw the insured shoot himself (as stated in the deputy's statement) and therefore, the second requirement of the statute that the party making the statement had personal knowledge of said act is entirely lacking.

The appellant complains of the court's failure to grant the appellant a new trial because of the following occurrence. The counsel for appellee took the stand to prove up the time he had spent in preparing the case in order to recover reasonable attorney's fees:

"A. I didn't figure it on a charge per hour.

"Q. And your testimony is that that is a contingent fee arrangement?

"A. I think—if I understand contingent fee, it is not exactly a contingent fee. It does not come from any money to which Mrs. Shacklett is entitled.

"Q. But, did I understand you to tell the Jury that in the event she is unsuccessful, then she would owe you no attorney's fee?

"A. That's right. That's her agreement with me.

"Q. Isn't that—I am not arguing with you, but isn't that an out and out contingent fee?

"A. It is contingent on the outcome, yes.

"Q. And that is the arrangement that you have with her? That's your testimony?

"A. Yes, sir. She doesn't pay me anything if we lose."

■ Since this evidence was given by the attorney for appellee in answer to appellant's attorney's questions and no objection was made to the same by the appellant at the time but complaint was raised for the first time after the trial in a motion for instructed verdict, there was no error by the trial court in denying the motion.

Complaint is made that certain issues submitted to the jury were answered against the undisputed evidence. The record shows that this insurance policy was written by an agent of the company who called upon the insured of his own volition, and was advised by the insured that he was not in the market for insurance but that he was going to build a new home and that when he did, he would want insurance. Some three months later after the insured had built his new home, the agent again called upon the insured and sold him the policy of insurance involved. One of the questions which was in the application inquired whether the appellee had ever had or been treated for a disorder of the stomach or intestines. The answer was "no." The fallacy of the answer is alleged to be in the fact that the insured, more than ten years before he took the policy of insurance, had been shot in the stomach, was placed in a hospital and fully recovered and had never had any trouble with his stomach or intestines since. The jury found that the answer given was not material to the risk and the same is true with reference to whether the insured had been in

a hospital within the last five years. The record shows that he had spent one night in a hospital as a result of an automobile accident some three years before the policy was written, from which he fully recovered.

 The burden was upon appellant to show that these answers were material to the risk, and the jury with ample evidence to support them, found they were not material to the risk. This being a fact issue for the jury, the answers are binding upon appellant. Bankers Standard Life Ins. Co. v. Atwood, Tex.Civ.App., 205 S.W.2d 74.

There are other assignments of error which this Court has considered and they are deemed without merit and are overruled.

Judgment of the trial court is affirmed.