**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**Frank C. ROBERTS, Appellee.**

**No. 11–91–228–CV.**

Court of Appeals of Texas, Eastland.

Jan. 28, 1993.

Rehearing Denied Feb. 25, 1993.

E. Lawrence Merriman, Jim Noble, Timothy G. Moore, Merriman, Patterson & Allison, Longview, Charles W. Nichols, Law Offices of Charles W. Nichols, Palestine, for appellant.

David R. Miller, J. Donald Bowen, Richard P. Hogan, Jr., Helm, Pletcher, Hogan, Bowen & Saunders, Houston, for appellee.

McCLOUD, Chief Justice.

Frank C. Roberts sued his employer, Missouri Pacific Railroad Company, for personal injuries under the Federal Employers' Liability Act (FELA), 45 U.S.C.A. § 51 et seq. (West 1986). The jury found that Missouri Pacific failed to provide the plaintiff with a reasonably safe switch at the time of the injury. Judgment was entered in favor of the plaintiff for $1,321,018. Missouri Pacific appeals. We affirm.

On December 11, 1987, while working as a brakeman on the defendant's train, the plaintiff injured his back while attempting to "throw" a switch. The plaintiff sustained a subligamentous herniated disk at L5–S1. The plaintiff failed to respond to conservative treatment. On September 29, 1989, Drs. Karl W. Swann and Coyle Williams, Jr., performed a bilateral laminectomy and a fusion on the plaintiff. Dr. Swann stated in his report that the plaintiff should not return to his "previous line of work"; that the plaintiff should not lift anything greater than 35 pounds; and that the plaintiff should avoid work activities involving bending, stooping, climbing, crawling, prolonged sitting, and prolonged standing. The plaintiff had not worked for the defendant since the injury.

The defendant urges in its first point of error that the trial court erred in permitting the testimony of Walter William Haag, Jr. The defendant contends that Haag's testimony was not relevant and that the probative value of the testimony was clearly outweighed by its prejudicial effect upon the jury.

The defendant presented evidence through John Ziegler, Felix Lopez, and Donna Johnson regarding the defendant's "Internal Placement Program." Ziegler, the defendant's San Antonio manager of the Casualty Management Department, testified that the program was established to provide injured employees with certain management positions so that the employee could retain his employment with the defendant. To be qualified for the program, the employee had to have sustained an on-duty injury and be disabled to return to his original work. Ziegler testified that it was "mandatory" that the employee be tested by Joe DeLaCruz, who was a Certified Vocational Evaluator.

Lopez, Superintendent of the San Antonio Service Unit, testified that he interviewed the plaintiff on October 15, 1990, regarding the possible employment of the plaintiff as a Supervisor of Yard Operations. On December 3, 1990, Lopez wrote the plaintiff requesting that the plaintiff contact Lopez' office so that vocational testing could be scheduled with DeLaCruz. Lopez testified that he never heard from the plaintiff after the interview. The plaintiff had previously testified that he did not realize that he had to be tested by DeLaCruz. The plaintiff was vocationally tested by Dr. Alex Kasen, and a copy of Kasen's report was sent to Lopez.

Johnson, a vocational rehabilitation counselor employed by the defendant to review the plaintiff's medical and employment records, testified that the plaintiff should have "followed up" on the Lopez letter and completed the vocational testing by DeLaCruz. She pointed out that, if the plaintiff could qualify for a Supervisor of Yard Operations position, the plaintiff could stay with the same employer and that the wages

were "incredibly great" and the "benefits" were good.

The thrust of the testimony of Ziegler, Lopez, and Johnson was that the plaintiff was offered a possible opportunity to secure a good management position but that the plaintiff lost the opportunity because he did not follow-up the request of Lopez and get the "mandatory" vocational testing by DeLaCruz.

Following the testimony of Ziegler, Lopez, and Johnson, the plaintiff called Haag. Haag testified that he had worked for the defendant for 32 years and that he had received a serious on-duty injury. He stated that he had received a similar letter from Lopez regarding the Supervisor of Yard Operations. Haag, like the plaintiff, met with Lopez on October 15, 1990. Haag talked to Lopez about the requirement in the letter that Haag schedule vocational testing with DeLaCruz. Haag told Lopez that he was being tested by Dr. Kasen. Haag testified that Lopez told him he could go to anyone he wanted to for the vocational testing. Dr. Kasen sent a copy of Haag's vocational testing report to the defendant. Haag did not hear anything from Lopez until March 25, 1991, the first day of trial in Haag's suit against the defendant. After the jury was selected and the trial commenced, the defendant delivered a letter to Haag offering him the job of Supervisor of Yard Operations. Haag's case was settled, and one of the terms of the settlement was that Haag not return to work for the defendant.

The defendant cites *Texas Cookie Company v. Hendricks & Peralta, Inc.*, 747 S.W.2d 873 (Tex.App.—Corpus Christi 1988, writ den'd), and *Texas Farm Bureau Mutual Insurance Company v. Baker*, 596 S.W.2d 639 (Tex.Civ.App.—Tyler 1980, no writ), for the general rule that "res inter alios acta" are incompetent evidence. The court in *Texas Cookie* stated:

The general rule in Texas is that prior acts or transactions by one of the parties with other persons are irrelevant, immaterial and highly prejudicial, and in violation of the rule that *res inter alios* acts are incompetent evidence, particularly in a civil case. *Texas Farm Bureau Mutual Insurance Co. v. Baker*, 596 S.W.2d 639, 642 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.); *Texas Osage Co–Operative Royalty Pool v. Cruze*, 191 S.W.2d 47, 51 (Tex.Civ.App.—Austin 1945, no writ). An exception to the general rule states that:

> [W]hen the *intent* with which an act is done is material, other similar acts of the party whose conduct is drawn in question may be shown, provided they are so connected with the transaction under consideration in point of time that they may all be regarded as parts of a system, scheme or plan. (Emphasis in original)

■ We hold that the rules announced in *Texas Cookie* and *Baker* regarding "res inter alios acta" no longer exist independent of TEX.R.CIV.EVID. 401, 402, 403, and 404(b).[1] Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Civil Rule 401. All relevant evidence is admissible except as otherwise provided "by Constitution, by statute, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority." Civil Rule 402.

Civil Rule 404(b) provides:

Evidence of other wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. *It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity,*

---

1. Professor Newell H. Blakely stated at page 177 of the Texas Rules of Evidence Handbook, 20 Houston L.Rev.Vol. 1 & 2 (1983):

 Since the Texas Rules of Evidence are more liberal in admitting evidence in some respects than prior Texas common law—rule 403, in particular, mandates a different and less restrictive test in excluding relevant evidence— Texas courts may possibly use rule 403 to abolish the principle of res inter alios acta as a general exclusionary policy.

*or absence of mistake or accident.* (Emphasis added)

Civil Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

The Texas Court of Criminal Appeals recently reviewed in depth the proper application of TEX.R.CRIM.EVID. 403 and 404(b).[2] The court specifically recognized that other acts could be relevant to rebut a "defensive theory." *Montgomery v. State,* 810 S.W.2d 372 (Tex.Cr.App.1990), *aff'd on remand,* 821 S.W.2d 314 (Tex.App.—Dallas 1991), *pet'n ref'd,* 827 S.W.2d 324 (Tex.Cr. App.1992). The court in *Vasquez v. State,* 814 S.W.2d 773 (Tex.App.—Houston [14th Dist.] 1991, writ ref'd), citing *Montgomery,* noted that the acts listed in Criminal Rule 404(b) are "neither mutually exclusive nor collectively exhaustive" and that a party may "rebut" a defensive theory that has been asserted.

In this case, the defendant presented evidence that, had the plaintiff been willing to take the vocational tests administered by DeLaCruz, the plaintiff might have been employed by the defendant in a management capacity with a starting salary of approximately $3,700 per month plus substantial additional benefits.

■ The defendant's evidence clearly showed that it was "mandatory" that the plaintiff be tested by DeLaCruz and that, since the plaintiff was not tested by DeLaCruz, no job offer was ever made to the plaintiff. The defendant invited the rebuttal testimony by Haag that the defendant had offered Haag the job (during his trial) of Supervisor of Yard Operations, that Haag had not been tested by DeLaCruz, and that he had in fact been tested by Dr. Kasen who also tested the plaintiff. The testimony of Haag was relevant rebuttal testimony.

We further hold that the trial court did not abuse its discretion under Civil Rule 403 in admitting Haag's testimony. The probative value of the evidence was not "substantially outweighed" by the danger of: "[U]nfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." The defendant's first point of error is overruled.

The defendant contends in its second point of error that the trial court erred in overruling its motion for new trial because the evidence was "factually insufficient" to support the jury's finding that the defendant failed to provide the plaintiff with a reasonably safe switch. The defendant asserts in its third point of error that the evidence was "factually insufficient" to support the jury's finding as to the plaintiff's loss of future earning capacity. The defendant cites the rule announced in *Pool v. Ford Motor Company,* 715 S.W.2d 629 (Tex.1986), that this court should consider all of the evidence in determining if the jury finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust and that, if we find that the evidence is factually insufficient, we should reverse the judgment of the trial court, "regardless of whether there is some evidence to support the finding."

■ Our Supreme Court in *Texas and Pacific Railway Company v. Roberts,* 481 S.W.2d 798 (Tex.1972), specifically held that the Texas factual sufficiency standard of review is improper in FELA cases. The court stated:

> Review by an appellate court under Texas "weight and preponderance" standard is precluded where liability of the employer is found by the jury; it is also precluded where the verdict exonerates the employer from liability. *Harsh v. Illinois Terminal R. Co.,* 348 U.S. 940,

---

**2.** TEX.R.CIV.EVID. 403 and TEX.R.CRIM.EVID. 403 are identical. TEX.R.CIV.EVID. 404(b) and TEX.R.CRIM. EVID. 404(b) are substantially the same except that TEX.R.CRIM.EVID. 404(b) includes "other crimes" along with other wrongs or acts and provides for notice to the accused if the State intends to introduce such evidence in the State's case-in-chief.

75 S.Ct. 362, 99 L.Ed. 736 (1954); *Deen v. Hickman,* 358 U.S. 57, 79 S.Ct. 1, 3 L.Ed.2d 28 (1958).

It is firmly established that questions of sufficiency of evidence of the jury in cases arising under the F.E.L.A. in state courts are to be determined by federal law. *Western & A.R. Co. v. Hughes,* 278 U.S. 496, 49 S.Ct. 231, 73 L.Ed. 473 (1928); *Dice v. Akron, Canton & Youngstown R. Co.,* 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952); *Rogers v. Missouri Pacific R. Co.,* [352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957)].

In *Nobles v. Southern Pacific Transportation Company,* 731 S.W.2d 697 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.), an FELA case, the court expressly held that the "factually insufficient" rule announced in *Roberts* applied to damage findings as well as liability findings. The defendant's second and third points of error are overruled.

The defendant asserts in its fourth point of error that there is no evidence to support the jury's finding that removing and replacing the broken knuckle was a cause of the plaintiff's injury. We do not reach this point. We have upheld the jury's finding that the defendant failed to provide the plaintiff with a reasonably safe switch. It is, therefore, not necessary, for a final disposition of the appeal, to discuss the defendant's fourth point of error. TEX.R.APP.P. 90(a).

We overrule the defendant's fifth point of error urging cumulative harmful error. See TEX.R.APP.P. 81(b)(1). We have found no error.

The judgment of the trial court is affirmed.