**Billy Earl JOHNSON, Appellant,**

v.

**The CITY OF HOUSTON, Appellee.**

**No. 14–95–00370–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 25, 1996.

Rehearing Overruled Aug. 29, 1996.

Robert J. Binstock, Shari A. Wright, Houston, for appellant.

Elizabeth Trevino Guillen, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

Billy Earl Johnson appeals from a jury verdict in favor of the City of Houston (City). Johnson sued the City for allegedly terminating him because he filed a workers' compensation claim. *See* Tex.Rev.Civ.Stat. art. 8307c (Vernon Supp.1989), *repealed by* Act May 12, 1993, 73rd Leg., R.S., ch. 269, § 5(1),

Tex.Gen.Laws 987, 1273.[1] In three points of error, appellant contends the trial court erred by: (1) improperly excluding evidence; (2) prohibiting appellant from discussing a prior settlement agreement; and (3) omitting a charge instruction. We affirm.

Johnson worked for the City as a sanitation worker. On November 3, 1986, Johnson was struck by a cab while performing his duties as a solid waste collector. He filed a workers' compensation claim and was awarded financial and medical benefits. The City eventually received a release from Johnson's doctor permitting him to return to work. When he failed to report to his supervisor, the City sent Johnson a letter instructing him to return to work. When Johnson failed to respond, another letter was sent informing him that he had been discharged from his job pursuant to a City employment rule that deems employees who do not notify their immediate supervisor of their absence for three consecutive days as having resigned. Johnson appealed to the Civil Service Commission, which decided to take no action on the matter. After learning of the Commission's decision, Johnson filed this suit in district court.

 In Johnson's first point of error, he argues that it was reversible error for the trial court to exclude proffered testimony of another instance of alleged retaliation by the City against an employee who filed a workers' compensation claim. The trial court's decision to admit or exclude evidence is within its sound discretion. *Dudley v. Humana Hosp. Corp.,* 817 S.W.2d 124, 126 (Tex. App.—Houston [14th Dist.] 1991, no writ). The trial court commits an abuse of discretion only if it acts in an unreasonable or arbitrary manner, or acts without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991). The exclusion of evidence ordinarily does not constitute reversible error unless the complaining party can demonstrate that the whole case turns on the excluded evidence. *Turner v. Monsanto Co.,* 717 S.W.2d

378, 381 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Porter v. Nemir,* 900 S.W.2d 376, 381 (Tex.App.—Austin 1995, n.w.h.).

Johnson's complaint about the exclusion of evidence relates to the proffered testimony of Isaac Morris. Morris was a co-worker of Johnson's at the time of Johnson's injury. Morris would have testified to the jury that he believed the City retaliated against him for filing a workers' compensation claim, even though he was not terminated. Johnson argues that the excluded testimony would have provided evidence of the City's policy of retaliating against employees who filed workers' compensation claims.

 The general rule in Texas is that evidence of other acts by a party with persons not a party to the lawsuit are irrelevant, immaterial, unfairly prejudicial, and thus, inadmissible. *Southwestern Bell Telephone v. Vollmer,* 805 S.W.2d 825, 831 (Tex.App.—Corpus Christi 1991, writ denied); *see also* Tex.R.Civ.Evid. 403; *Missouri Pacific Railroad Co. v. Roberts,* 849 S.W.2d 367, 369 (Tex.App.—Eastland 1993, writ denied) (holding that this rule, called *res inter alios acta*[2] no longer exists independent of Texas Rules of Evidence 401–404 governing the admissibility of relevant and character evidence). An exception to this rule applies if the acts or transactions are so connected to the transaction at issue that they may all be parts of a system, scheme or plan. *Durbin v. Dal–Briar Corp.,* 871 S.W.2d 263, 268 (Tex.App.—El Paso 1994, writ denied). Moreover, the rules of civil evidence allow the admission of evidence of the habit of a person, or of the routine practice of an organization, if the evidence is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice. Tex. R.Civ.Evid. 406; *see also Durbin,* 871 S.W.2d at 268. For testimony of the routine practice of an organization to be admissible, it must show a regular response to a repeated specif-

---

**1.** This statute was recodified in the Labor Code. *See* Tex.Lab.Code Ann. § 451.001 (Vernon Pamph. 1996).

**2.** *Res inter alios acta* literally means a thing done between others, or between third parties or strangers. Black's Law Dictionary 1470 (4th ed. 1968).

ic situation. *Pacesetter Corp. v. Barrickman*, 885 S.W.2d 256, 263 (Tex.App.—Tyler, 1994, no writ); *Mediacomp, Inc. v. Capital Cities Communication*, 698 S.W.2d 207, 212 (Tex.App.—Houston [1st Dist.] 1985, no writ) (stating that evidence of the routine practice of an organization is relevant to prove that the conduct of the organization on a particular occasion was in conformity with the routine practice).

The proffered testimony of Isaac Morris, because it constituted only one claimed act of retaliation by the city, does not meet the test of frequency and regularity necessary to be considered the routine practice of the City. *See Pacesetter Corp.*, 885 S.W.2d at 263 (holding that evidence of employer's handling of only two other workers' compensation claims was not admissible as evidence of routine practice in employee's suit against employer for wrongful discharge in retaliation for filing a workers' compensation claim). Moreover Johnson, unlike the plaintiff in *Durbin*, did not establish to the trial court that the City had a common plan or scheme to discharge workers for filing workers' compensation claims. Evidence of a single act by the City does not rise to the level of routine practice under Rule 406, and is, therefore, not admissible to prove the City acted in a consistent manner when it terminated Johnson. *See Magro v. Ragsdale Bros., Inc.*, 721 S.W.2d 832, 834 (Tex.1987).

Johnson relies on *Durbin* for his contention that the trial court should have admitted the testimony. In *Durbin*, the El Paso Court of Appeals held that the trial court abused its discretion by excluding evidence of other retaliatory acts by a corporation in a workers' compensation wrongful discharge case. *Durbin*, 871 S.W.2d at 270. The Court also emphasized the similarities between that appellant's circumstances and the circumstances of his fellow employees. *Id.* at 269. According to the Court, "[T]he evidence Durbin sought to introduce involved the same supervisory personnel, the same workplace, and the same pattern of conduct that motivated his own discharge." *Id.* Moreover, the plaintiff in *Durbin* proffered evidence that firing employees for filing workers' compensation claims was the policy of the organization. *Id.* at 267–69.

In the present case, however, the jury would have had to infer a policy from evidence of a single incident that was not substantially similar to Johnson's situation. Unlike Johnson, Morris did not find himself subject to the three-day rule, he did not lose his job, and he never appealed to the Civil Service Commission. We find no basis for an exception to the doctrine of *res inter alios acta* here. Because Johnson did not establish a basis for admitting this otherwise inadmissible evidence, we find that the trial court did not abuse its discretion by excluding the proffered testimony. Appellant's first point of error is overruled.

■ In his second point of error, Johnson appears to contend the trial court improperly precluded him from discussing his underlying workers' compensation case. Although his point of error is ambiguous, we are of the impression that Johnson wanted to testify as to the award of the Industrial Accident Board. Johnson contends that the settlement with the Industrial Accident Board "openly displays the Defendant's breach of good faith and fair dealing through the discharge [sic] in the agreed total disability period." Johnson asserts in his brief that the judge admonished him before trial not to mention the underlying case. However, he has not cited to any portion of the record, nor were we able to find in the record where such an admonition occurred. *See* Tex. R.App.P. 50(d) (placing the burden on the appellant, or the party seeking review, to see that a sufficient record is present to show error requiring reversal). Moreover, the only case law Johnson cites to support his position involves the scope of proper discovery in workers' compensation cases and the use of statements before the Industrial Accident Board as impeachment evidence at trial. *See e.g. Service Lloyds Ins. Co. v. Clark*, 714 S.W.2d 437 (Tex.App.—Austin 1986, no writ) (holding that a workers' compensation claimant could inspect an insurer's investigative file in a suit brought against the insurer for bad faith); *Transamerica Ins. Co. v. Beseda*, 443 S.W.2d 915, 921 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.) (holding that

statements made by a party before the Industrial Accident Board are admissible for impeachment and as party admissions).

Further, appellant has not properly preserved error on this point. To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. Tex.R.App.P. 52(a). Appellant has not cited, nor were we able to find, any objection, request or motion related to this testimony. Thus, appellate review of this point is waived. Moreover, the award from the Industrial Accident Board was irrelevant to whether the City wrongfully discharged Johnson. Appellant's second point of error is overruled.

In his third point, Johnson contends that the trial court erred by omitting the language of 8307c, section 2, from jury instruction number one. He claims that the omission caused the jury to return an improper verdict. This section, now recodified, provides that a person discriminating against an employee for filing a workers' compensation claim shall be liable to the employee.[3] Johnson, however, failed to object to the absence of this instruction. A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. Tex.R.Civ.P. 274. Moreover, the failure to submit an instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining of the judgment. Tex.R.Civ.P. 278. Because Johnson failed to object to the charge or submit an instruction in writing to the trial court, he has waived review of this point. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

---

3. Current version at Tex.Lab.Code Ann. § 451.002 (Vernon Pamph.1996).