TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00186-CV







Linda Uballe, Appellant



v.



Ryan Trimble, Bob Bindseil, Richard Culpepper, Tommy Giambernardi,


and The City of Blanco, Appellees



&





NO. 03-98-00187-CV







Randall Stiles, Appellant



v.



Ryan Trimble, Bob Bindseil, Richard Culpepper, Bob Johnson,


and The City of Blanco, Appellees







FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT


NOS. 4119 & 4120, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING







 Appellant Linda Uballe sued appellees Ryan Trimble, Bob Bindseil, Richard
Culpepper, Tommy Giambernardi, and the City of Blanco (collectively "the City") alleging
numerous causes of action after the Blanco City Council discharged Uballe from her position as
city clerk. Appellant Randall Stiles sued the City (1) after the city council discharged Stiles from his
position as chief of police. The trial court granted the City's motion for summary judgment on
each cause. On appeal, Uballe and Stiles (collectively "Appellants") complain that the City failed
to show it was entitled to judgment as a matter of law. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND



 Uballe was employed by the City of Blanco in March 1987 and held several
positions before being appointed city clerk. Uballe's husband was an elected member of the city
council. After Uballe and her husband had professional disagreements with appellee Trimble,
Mayor of Blanco, concerning the dismissal of other City of Blanco employees, Uballe herself was
terminated by the Blanco City Council on July 9, 1991. Stiles was employed as chief of police
in February 1991. After some disputes with Trimble concerning overtime pay, Stiles's method
of compensation was changed from hourly pay to an annual salary. Stiles was subsequently
terminated by the City of Blanco on January 14, 1992. When the events on which appellants based
their suits occurred, Trimble was mayor of the City of Blanco, and the other individual defendants
were members of the city council. In March 1992, appellants sued the City in separate lawsuits,
alleging six causes of action. The trial court granted summary judgment in favor of the City on
each cause. 

 In unpublished opinions handed down in 1996, this Court affirmed the trial court's
orders as to five of the causes, but reversed the judgment and remanded each appellant's cause of
action alleging violation of the Texas Open Meetings Act, Tex. Gov't Code Ann. §§ 551.001-.146
(West 1994 & Supp. 1998). See Uballe v. Trimble, No. 3-95-260-CV (Tex. App.--Austin May
1, 1996, writ denied) (not designated for publication); Stiles v. Trimble, No. 3-95-259-CV (Tex.
App.--Austin June 5, 1996, writ denied) (not designated for publication). This Court held that
because the City merely alleged that it did not violate the Act but presented no summary judgment
evidence in support of that contention, it had not shown that it was entitled to judgment as a matter
of law.

 On remand, the City filed second motions for summary judgment on both
appellants' open meetings claims, this time attaching evidence in support of its motions. The trial
court again granted the City's motions. The only issue in this appeal is whether the trial court
erred in granting the City's second summary judgment motions on the ground that there was no
genuine issue of material fact concerning whether council members met in numbers less than a
quorum and discussed appellants' continued employment, thereby knowingly conspiring to
circumvent the Act in violation of section 551.143. (2)


DISCUSSION



 Appellants each raise two points of error in which they contend that summary
judgment was improper because a fact issue existed and therefore the City failed to show that it
was entitled to judgment as a matter of law. The standards for reviewing a motion for summary
judgment are well established: (1) the movant for summary judgment has the burden of showing
that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law;
(2) in deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must
be indulged in favor of the nonmovant and any doubts resolved in its favor. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). As movant, the City assumed
the burden of negating, as a matter of law, at least one essential element of Appellants' Open
Meetings Act claim. See Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995);
Citizens First Nat'l Bank v. Cinco Exploration Co., 540 S.W.2d 292, 294 (Tex. 1976).

 Section 551.143(a) of the Texas Government Code provides as follows:



(a) A member or group of members of a governmental body commits an offense
if the member or group of members knowingly conspires to circumvent this
chapter by meeting in numbers less than a quorum for the purpose of secret
deliberations in violation of this chapter.



Tex. Gov't Code Ann. § 551.143 (West 1994).


 To meet its burden and negate appellants' claims that the City knowingly conspired
to circumvent the Act, the City presented the following summary judgment evidence: (1)
affidavits of the mayor and council members who voted on appellants' respective terminations
swearing that no secret deliberations took place with respect to appellants' terminations; (2)
excerpts from appellants' deposition testimony stating that neither appellant has personal
knowledge of secret deliberations as to their termination; and (3) excerpts from minutes of the city
council meetings describing the council's deliberation of appellants' continued employment in open
meetings. The City argues that this evidence conclusively proved that members of the governing
body of the City of Blanco did not knowingly conspire to circumvent the Act, an essential element
of appellants' claims, and that the City therefore was entitled to summary judgment.

 Because the mayor and council members are interested parties, this Court cannot
affirm summary judgment unless the City's affidavits are "clear, positive and direct, otherwise
credible and free from contradictions and inconsistencies, and could have been readily
controverted." Tex. R. Civ. P. 166a(c); Acker v. Texas Water Comm'n, 790 S.W.2d 299, 302 
(Tex. 1990). "the uncontradicted testimony of an interested witness that is clear, direct, positive,
and otherwise credible may be treated as conclusive evidence when the opposite party has the
means and opportunity of disproving the testimony, if it is not true, and fails to do so." Belger
v. Sweeney, 836 S.W.2d 752, 754 (Tex. App.--Houston [1st Dist.] 1992, writ denied) (citing
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.
1965)). Here, the City's summary judgment evidence included affidavits of the mayor and council
members who voted on appellants' terminations. Each affidavit states affirmatively and
unequivocally that the affiant did not participate in any secret discussions or deliberations
concerning appellants' terminations and was not aware of any such discussions or deliberations
by others. We conclude that the City's affidavits meet the "clear, positive, and direct" standard
of rule 166a(c). The City therefore successfully carried its burden of conclusively negating an
essential element of appellants' claims.

 Once the City produced sufficient evidence to establish its right to summary
judgment, the burden shifted to appellants to present evidence sufficient to raise a fact issue. See
Centeq Realty, 899 S.W.2d at 197. In an attempt to controvert the City's evidence and raise a fact
issue, Uballe produced summary judgment evidence that the members of the city council had "at
times" conducted telephone consultations regarding an issue pending before the council. Uballe
argues that this evidence raises an inference that because the City occasionally violated the Act,
such behavior occurred in these particular instances. See Tex. R. Civ. Evid. 406 ("The habit or
custom of a person doing a particular act is relevant in determining his conduct on the occasion
in question."); see also Acker, 790 S.W.2d at 302 (citing Tex. R. Civ. Evid. 406).

 To be admissible as habit evidence, the testimony must be of an individual's
"regular response to a repeated specific situation." Compton v. Jay, 389 S.W.2d 639, 642 (Tex.
1965); Pacesetter Corp. v. Barrickman, 885 S.W.2d 256, 263 (Tex. App.--Tyler 1994, no writ). 
Courts have refused to hold that evidence of only a few instances of a specific conduct is sufficient
to raise a reasonable inference of a habit or pattern of conduct, especially where the specific
incidences are not substantially similar. See Magro v. Ragsdale Bros. Inc., 721 S.W.2d 832, 834
(Tex. 1986) (single incident of inattentiveness unrelated to heeding safety information inadmissible
to prove habit of ignoring warnings); McClure v. Landis, 959 S.W.2d 679, 681 (Tex.
App.--Austin 1997, writ denied) (two instances of failing to respond to discovery requests
insufficient to establish habit to contradict movant's affidavits); Johnson v. City of Houston, 928
S.W.2d 251, 254 (Tex. App.--Houston [14th Dist.] 1996, no writ) (testimony of former city
worker about only one act of retaliation by city properly excluded as habit evidence); Pacesetter,
885 S.W.2d at 263 (proof of only two other incidents of handling workers' compensation claims
does not meet test of frequency and regularity).

 Uballe relies on Acker for her contention that her evidence of habit raises a fact
issue making summary judgment improper; this reliance is misplaced. The Acker court's basis for
overturning summary judgment was testimony that the commissioners stated that they had no
recollection of the alleged private conversation and that "considering their past behavior and habit
at the Texas Water Commission, the occurrence of such a conversation was unlikely." Acker, 790
S.W.2d at 302. The court held that this testimony was sufficient to controvert the movant's
testimony that he overheard two Commissioners discussing his case in the restroom. In Acker,
the movant actually overheard two commissioners discussing his case, but the commissioners
testified that they recalled no such conversation--a direct contradiction of the movant's testimony. 
In the present case, on the other hand, Uballe admits that she has no knowledge that any "secret
deliberations" occurred with respect to her termination. Instead, Uballe's evidence requires this
Court to infer from a few isolated incidents that council members had a habit of violating the Act
and to infer further that they violated it on this occasion. Even resolving every doubt in favor of
appellants and assuming the situations are sufficiently similar, the evidence relied on by Uballe
is simply inadequate to meet the test of frequency and regularity required to establish a habit or
pattern. Uballe's evidence, therefore, has no probative force in contradicting the testimony and
affidavits supplied by the City. See Tex. R. Civ. Evid. 406; McClure, 959 S.W.2d at 681 (citing
1 Steven Goode, et al., Texas Rules of Evidence: Civil and Criminal § 406.4, Texas Practice, at
227 (1993)).


CONCLUSION


 The City produced summary judgment evidence conclusively negating an essential
element of appellants' cause of action and was therefore entitled to judgment as a matter of law. 
We affirm the trial court's summary judgment. (3)



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel*

Affirmed

Filed: November 30, 1998

Do Not Publish


* Before Lee Yeakel, former Justice, Third Court of Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. Stiles's suit included Bob Johnson as a defendant and did not name Tommy Giambernardi.
2. The City raises a threshold issue that the individual parties are not properly in this lawsuit
because section 551.143 does not create a private right of action for monetary damages. Rather,
the City claims, section 551.143 merely provides criminal liability for individual members of a
public entity. For purposes of this opinion, we will assume without deciding that section 551.143
creates a private right of action and that the individual parties are therefore properly in this
lawsuit.
3. The trial court's order granting the City's second motion for summary judgment and the
City's briefs seem to suggest that summary judgment was granted on grounds of no-evidence under
Rule of Civil Procedure 166a(i). The City's motions themselves indicate otherwise. Since we
conclude that the City as movant carried its burden under a 166a(c) motion, we need not decide
whether its motions were or were not no-evidence motions under 166a(i).


tially similar. See Magro v. Ragsdale Bros. Inc., 721 S.W.2d 832, 834
(Tex. 1986) (single incident of inattentiveness unrelated to heeding safety information inadmissible
to prove habit of ignoring warnings); McClure v. Landis, 959 S.W.2d 679, 681 (Tex.
App.--Austin 1997, writ denied) (two instances of failing to respond to discovery requests
insufficient to establish habit to contradict movant's affidavits); Johnson v. City of Houston, 928
S.W.2d 251, 254 (Tex. App.--Houston [14th Dist.] 1996, no writ) (testimony of former city
worker about only one act of retaliation by city properly excluded as habit evidence); Pacesetter,
885 S.W.2d at 263 (proof of only two other incidents of handling workers' compensation claims
does not meet test of frequency and regularity).

 Uballe relies on Acker for her contention that her evidence of habit raises a fact
issue making summary judgment improper; this reliance is misplaced. The Acker court's basis for
overturning summary judgment was testimony that the commissioners stated that they had no
recollection of the alleged private conversation and that "considering their past behavior and habit
at the Texas Water Commission, the occurrence of such a conversation was unlikely." Acker, 790
S.W.2d at 302. The court held that this testimony was sufficient to controvert the movant's
testimony that he overheard two Commissioners discussing his case in the restroom. In Acker,
the movant actually overheard two commissioners discussing his case, but the commissioners
testified that they recalled no such conversation--a direct contradiction of the movant's testimony. 
In the present case, on the other hand, Uballe admits that she has no knowledge that any "secret
deliberations" occurred with respect to her termination. Instead, Uballe's evidence requires this
Court to infer from a few isolated incidents that council members had a habit of violating the Act
and to infer further that they violated it on this occasion. Even resolving every doubt in favor of
appellants and assuming the situations are sufficiently similar, the evidence relied on by Uballe
is simply inadequate to meet the test of frequency and regularity required to establish a habit or
pattern. Uballe's evidence, therefore, has no probative force in contradicting the testimony and
affidavits supplied by the City. See Tex. R. Civ. Evid. 406; McClure, 959 S.W.2d at 681 (citing
1 Steven Goode, et al., Texas Rules of Evidence: Civil and Criminal § 406.4, Texas Practice, at
227 (1993)).


CONCLUSION


 The City produced summary judgment evidence conclusively negating an essential
element of appellants' cause of action and was therefore entitled to judgment as a matter of law. 
We affirm the trial court's summary judgment. (3)



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel*

Affirmed

Filed: November 30, 1998

Do Not Publish


* Before Lee Yeakel, former Justice, Third Court of Appeals, sitting by assignment. See Tex.
Gov't Code Ann. §